**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN COLON,<br><br>            Petitioner,<br><br>     v.<br><br>KEISHA FISHER,<br><br>            Respondent. | Civil Action No. 22-5195 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

     This matter comes before the Court on Respondent's motion to dismiss Petitioner's habeas petition as untimely. (ECF No. 7.) Despite the provision of ample time within which to do so, Petitioner did not respond to the motion. For the following reasons, this Court will grant the motion, will dismiss the Petition (ECF No. 1) as time barred, and will deny Petitioner a certificate of appealability.

**I.    BACKGROUND**

     In February 2015, Petitioner was convicted of charges including aggravated assault and various weapons charges, and sentenced to twenty-eight years imprisonment. (ECF No. 1 at 4.) Petitioner appealed that sentence, the Appellate Division affirmed the conviction and sentence, and the New Jersey Supreme Court denied his petition for certification on October 16, 2017. (*Id.* at 5; ECF No. 7-2 at 2.) Although Petitioner did not file a petition for certiorari, he did file a petition for post-conviction relief on November 13, 2017, before the time for filing a certiorari petition had expired. (ECF No. 7-3 at 2.) On March 6, 2020, a superior court judge denied that

petition. (ECF No. 7-4.) Petitioner did not file a timely appeal within forty-five days, but did file a late notice of appeal on June 11, 2020. (ECF No. 7-5 at 2-3.) The Appellate Division affirmed the denial of the post-conviction relief petition on May 28, 2021. (ECF No. 7-6.) Petitioner filed a timely notice of petition for certification on June 14, 2021, (*see* ECF No. 7-7 at 2), but the New Jersey Supreme Court denied his petition on September 28, 2021. (ECF No. 7-8 at 2.) Petitioner thereafter filed his habeas petition in this matter on August 19, 2022. (ECF No. 1 at 1.)

## II.     **LEGAL STANDARD**

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state courts. *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015).

### III. DISCUSSION

Respondent argues that Petitioner's habeas petition should be dismissed with prejudice as untimely filed. Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which in cases such as this one begins to run when the petitioner's conviction becomes final upon either the conclusion of direct review or the expiration of the time for seeking such review, up to and including the 90-day period for the filing of a certiorari petition to the United States Supreme Court. *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction thus became final, and his limitations period would have begun to run absent a basis for tolling, on January 14, 2018.

The one-year habeas limitations period is subject to statutory tolling, however, during any period where a "properly filed" petition for post-conviction relief is pending before the state courts. *Jenkins*, 705 F.3d at 85. A post-conviction relief petition, however, ceases to be "pending" before the state courts once the time for filing a timely appeal expires following an adverse trial-level decision and a PCR appeal will not be considered "pending" after this time expires until the petitioner actually files such an appeal. *See Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Swartz v. Meyers*, 204 F.3d 417, 420-24, 423 n.6 (3d Cir. 2000); *Thompson v. Admin N.J. State Prison*, 701 F. App'x 118, 121-23 (3d Cir. 2017). Under the New Jersey court rules, a direct appeal from the denial of a PCR petition must be filed within forty-five days of the denial of the petition. N.J. Ct. R. 2:4-1.

Although Petitioner filed his post-conviction relief petition in a timely fashion, he did not timely appeal the denial of his petition. His petition ceased to be pending, and his one-year limitations period thus began to run on April 20, 2020, when the time for filing a timely appeal expired. Petitioner did not file a notice of appeal, and his petition thus did not resume "pending" status, until June 11, 2021, after fifty-two days of his one-year limitations period had expired. His post-conviction relief petition thereafter resumed to be pending until the conclusion of PCR proceedings with the denial of certification issued on September 28, 2021. His one-year limitations period thus began to run again as of September 29, 2021, and expired 313 days later, on August 8, 2022, ten days before Petitioner filed his current habeas petition. Absent some basis for equitable tolling, Petitioner's habeas petition is thus untimely by ten days.

Although the habeas limitations period is subject to equitable tolling under extraordinary circumstances, such tolling should be granted sparingly. *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011); *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008). To receive the benefit of such tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Pabon*, 654 F.3d at 399. As Petitioner's habeas petition presents no basis for equitable tolling, and Petitioner did not file a response to the motion to dismiss, Petitioner has failed to present any basis for equitable tolling. As this Court perceives no basis for tolling from the face of the petition, Petitioner's habeas petition remains time barred by ten days, and must be dismissed with prejudice as such. Respondent's motion shall therefore be granted, and this matter dismissed.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "[A petitioner] satisfies this

4

standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude [that] the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists could not dispute this Court's conclusion that Petitioner's Petition was untimely filed and that Petitioner has failed to show any basis for sufficient tolling to evade the time bar, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and he is therefore denied a certificate of appealability.

## V.  CONCLUSION

In conclusion, Respondent's motion to dismiss (ECF No. 7) is **GRANTED**, Petitioner's Petition (ECF No. 1) is **DISMISSED WITH PREJUDICE** as time barred, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**